UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY NORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-1417** |
| **TERREBONNE PARISH JAIL AND** | **SECTION: "H" (4)** |
| **SHERIFF OF TERREBONNE PARISH** | |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual Background/Procedural History

Plaintiff, Kelly Norris ("Norris") is a pretrial detainee house in Terrebonne Parish Criminal Justice Complex ("TPCJC") and filed this suit *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Defendants "Terrebonne Parish Jail" further known as TPCJC and the Sheriff of Terrebonne Parish further identified as Sherriff Timothy Soignet ("Soignet" or "Sherriff Soignet"). (R. Doc. 5). Norris was arrested on March 31, 2023 and is currently awaiting conviction and trial. *Id*.

Norris alleges "last year," he was tased while on the floor of shower in C-Pod, Dorm C-800 at the Terrebonne Parish Jail. *Id*. He further contends he was taken to the hospital "on the east side" shortly after the alleged event. *Id*. Plaintiff seeks justice for his pain and suffering and claims he still suffers with seizures and high blood pressure as a result from the alleged unlawful excessive use of force (tased in shower) the Deputies used upon him. *Id*. Plaintiff further complains he has

1

safety issues with the Terrebonne Parish officers as well as fears for his life resulting in ongoing mental issues for the Petitioner stemming from the alleged unlawful event. *Id*. Although not clearly stated in the Plaintiff's broadly construed complaint, Norris alleges the use of force more than reasonably necessary from the unidentified TPCJC officers resulting in a violation of his Fourth Amendment rights of the United States Constitution. In his prayer for relief, Norris ask the Court to allow him to get justice for his pain and suffering and present this case in court. *Id.*

## II.    Standard of Review

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The court has a broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the Plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27

F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-177 (5th Cir. 1995); *Moor v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. Analysis

#### A. Terrebonne Parish Jail

Norris has named Terrebonne Parish Jail as a Defendant in the instant matter. (R. Doc. 5). The Plaintiff contends the Terrebonne Parish Jail should be held liable for the alleged use of excessive force by the Terrebonne Parish officers on Norris when he was allegedly tasered while on the floor in the shower at the Jail. *Id*.

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under the color of state law. 42. U.S.C. (§) 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any right secured by the constitution and laws of the United States. 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 98 S.Ct 2018 (1978). Section 1983 is not a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere. *Olabisiomotosho v. City of Houston.*, 185 F.3d 521, 525 n. 3 (5th Cir. 1999).

Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state which the district court is held." *See* Fed. R. Civ. P. 17(b). According to Fed. R. Civ. P. 17(b), under Louisiana law, to possess such a capacity, an entity must qualify as "juridicial person," which is defined by Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code. Art. 24.

Thus, the Terrebonne Parish Criminal Justice Complex which is a parish prison, is not a proper defendant because it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b).

Jails are not "legally empowered to do" anything independently of either the respective Parish officials or the Parish Sheriff. *See Roberts v Sewerage Water Board.*, 634 So. 2d at 347. The prison or jail is not a separate entity, but merely a shared branch or facility of these greater entities. Moreover, Terrebonne Parish Criminal Justice Complex is an improper Defendant and "not an entity, but a building." *See Jones v. St. Tammany Jail*, 4 F.Supp.2d 606, 613 (E.D.La.1998) (dismissing the St. Tammany Parish Jail with prejudice); *accord Dale v. Bridges*, No. 3:96–CV–3088–AH, 1997 WL 810033 at *1 n. 1 (N.D.Tx. Dec. 22, 1997) (Dallas County Jail is not a juridical entity capable of being sued). Further, the Plaintiff failed to allege or identify the Deputies involved in the alleged use of excessive force to state a cognizable claim.

As such, the claims against Terrebonne Parish Jail are therefore frivolous and otherwise fails to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

### B. Sheriff Soignet

Norris has named Terrebonne Parish Sheriff Soignet as a Defendant in this case. (R. Doc. 5). The Plaintiff contends that Soignet is vicariously liable for the alleged use of excessive force by the unidentified Jail Officers when the Plaintiff was allegedly tased while on the floor in the shower at the Terrebonne Parish Jail. *Id*. However, Norris has not alleged or implied any conduct by Soignet to show how he is in any way connected to the alleged conduct by the Plaintiff or responsible for his prosecution.

It is well-settled in this Circuit that "[u]nder [section] 1983, officials are not vicariously liable for the conduct of those under their supervision." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)). Instead, supervisory officials will be personally liable "only if: (i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) they implement unconstitutional policies that causally result in plaintiff's injury." *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996) (citing *Mouille*, 977 F.2d at 929).

The Fifth Circuit has held that a suit against a Sheriff in his official capacity is a suit against the Parish in which he sits. *See Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 392 (5th Cir.2000); *see also Corley v. Prator*, 290 Fed.Appx. 749, 752 (5th Cir. Aug. 25, 2008) (suit against Sheriff in his official capacity "must be treated as suit against the municipality"). Thus, the Plaintiff's official capacity claim against Sheriff Soignet is treated as a suit against Terrebonne Parish Municipality. However, Norris fails to allege in his complaint how the Sheriff violated his constitutional rights and acted outside the confines of his 'traditional official functions" as Sheriff. *See e.g. Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976).

In section 1983 suits, municipalities cannot be held liable under the theory of *respondeat superior*. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Instead, the Court must apply the *Monell test*, which ensures that municipalities are held responsible only for "their own illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original). Section 1983 municipal liability requires proof of three elements: (1) a policymaker, (2) an official policy or custom, and (3) a violation of constitutional rights whose "moving force" is that policy or custom. *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 227 (5th Cir. 2009) (citations omitted). Thus, a Plaintiff seeking to impose liability on a municipality under section 1983 must "identify a municipal

5

'policy' or 'custom' that caused the Plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403-04 (1997).

Plaintiff does not identify any specific policy, custom, or conduct by Soignet that was the moving force behind any of the alleged constitutional violations. If Norris intended to pursue an official capacity claim against Sheriff Soignet, he does not allege the violation of a policy or custom that resulted in the Plaintiff's Injury. Further, the Plaintiff fails to identify the Deputies involved or allege any supporting evidence that support his conclusory allegations against the Defendant.

Whether or not Norris alleges an official- or individual-capacity claim against Soignet, his claims against the Sheriff fail because the Plaintiff's complaint does not allege a plausible constitutional violation. To assert a plausible individual-capacity claim, Norris must show a violation of his federal constitutional or statutory rights. *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999); *see also Osborne v. Travis Cnty.*, 638 F.App'x 290 (5th Cir. 2016). (Requiring petitioner to expressly allege claims against state officials in their individual capacities and allege conduct that led to plausible constitutional violation).

In this case, given the Plaintiff is proceeding *Pro se,* it is not clear from the record whether he intends to sue Soignet in his official capacity and in addition, his individual capacity as well. *See Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993) (finding that "[w]here the complaint is unclear on `whether officials are sued personally, in their official capacity, or both,' courts must look to `the course of the proceedings' which will `typically indicate the nature of the liability sought to be imposed'" (emphasis in original) (citations omitted)). The complaint is entirely void of any facts that might be read to support an inference that a causal connection exists between

Defendant Soignet's conduct and Plaintiffs alleged injuries. Therefore, the claims against Defendant Sherriff Soignet in his individual capacity are subject to dismissal.

The Plaintiff's section 1983 claims against Sherriff Soignet in his official and individual capacity fail to allege sufficient facts to hold the Sherriff vicariously liable for the Plaintiff's alleged constitutional violation by the Terrebonne Parish Jail and its unidentified Officers. The claims should therefore be dismissed as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e.

## IV.     Recommendation

Accordingly,

**IT IS RECOMMENDED** that Plaintiff, Kelly Norris's § 1983 claims against Defendant Terrebonne Parish Jail be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, for seeking relief against an immune Defendant and otherwise for seeking relief pursuant to 28. U.S.C.(§) 1915e, (§) 1915A, and 42 U.S.C. (§) 1997e.

**IT IS FURTHER RECOMMENDED** that Kelly Norris's § 1983 claims against Defendant Terrebonne Parish Sheriff Soignet be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, for seeking relief against an immune Defendant and otherwise for seeking relief pursuant to 28. U.S.C.(§) 1915e, (§) 1915A, and 42 U.S.C. (§) 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

        New Orleans, Louisiana, this 12th day of July 2023.

            _____
              **KAREN WELLS ROBY**
           **UNITED STATES MAGISTRATE JUDGE**